IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRIS GRINDLING, #26868-506, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN DOSANJ, <br><br> Respondent. | Civil No. 26-00050 LEK-KJM <br><br> DISMISSAL ORDER |

### DISMISSAL ORDER

On March 9, 2026, the Court received pro se Petitioner Chris Grindling's Response, ECF No. 15, to the Court's March 4, 2026 Order to Show Cause, ECF No. 12. Grindling, a pretrial detainee who is awaiting trial in an ongoing federal criminal case, has not demonstrated that he can pursue any of his claims in this habeas action. The Petition, ECF No. 1, is therefore DISMISSED. The dismissal is without leave to amend because any such amendment would be futile.

### I. BACKGROUND

Grindling is a federal detainee who is awaiting trial in *United States v. Grindling*, No. 25-00066 LEK (D. Haw.). In his criminal case, Grindling is represented by counsel, and trial is currently scheduled to begin on June 29, 2026.

Grindling commenced this action after signing the Petition on January 29, 2026. ECF No. 1 at PageID.8. Across the Petition and two supplemental filings, Grindling challenges various aspects of his ongoing criminal case. Specifically, he alleges the following: (1) he has been denied the right to counsel (Ground 1), ECF No. at PageID.4; (2) his pretrial release should not have been revoked (Ground 2), *id.* at PageID.5; (3) the government should have been estopped from changing its position regarding his pretrial release (Ground 3), ECF No. 3 at PageID.12; and (4) counsel has denied him access to the courts (Ground 4), ECF No. 5 at PageID.16. Grindling asks that his pretrial release be reinstated.[1]  ECF No. 1 at PageID.7.

After receiving the filing fee associated with this action on March 2, 2026, ECF No. 7, the Court issued an Order to Show Cause on March 4, 2026, ECF No. 12. In that order, the Court instructed Grindling to provide legal authority demonstrating that he can pursue each of his claims in this habeas action. *Id.* at PageID.37. The Court received Grindling's Response on March 9, 2026. ECF No. 15.

## II. DISCUSSION

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the

---

[1] In his Response, Grindling asserts that his Petition is "not a request for pretrial release." ECF No. 15 at PageID.43. In the Petition, however, when asked to identify his requested relief, Grindling wrote, "Reinstate pretrial release to be with my mother." ECF No. 1 at PageID.7.

2

United States." 28 U.S.C. § 2241(c)(3). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a).

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases, which the Court can also apply to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires a district court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). "A district court should do so, however, only after 'provid[ing] the petitioner with adequate notice and an opportunity to respond.'" *Valdez*, 918 F.3d at 693 (quoting *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001)) (alteration in original).

As the Court explained in its Order to Show Cause, it plainly appears that summary dismissal of Grindling's Petition is warranted. "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). As one court of appeals

3

has stated, "[i]f a federal prisoner is ever entitled to relief under § 2241 based on something that happened before trial, the circumstances are so rare that they have apparently not yet arisen." *Medina v. Choate*, 875 F.3d 1025, 1029 (10th Cir. 2017); *accord Opunui v. Barr*, No. 20-00506 DKW-KJM, 2020 WL 7064733, at *2 (D. Haw. Dec. 2, 2020). Thus, in general, "§ 2241 is not a proper avenue of relief for federal prisoners awaiting federal trial." *Medina*, 875 F.3d at 1029.

Because all Grindling's claims relate to his ongoing criminal case, those claims cannot be raised in a habeas petition. *See, e.g., Alvarez-Caceres v. Kline*, No. CV-19-05414-PHX-MTL (MTM), 2020 WL 3064461, at *2 (D. Ariz. June 9, 2020) (stating that "[h]abeas corpus is not the appropriate vehicle for Petitioner's pretrial challenges to his federal criminal proceedings," including claims based on adequacy of counsel); *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020) ("A federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a § 2241 petition.").

In his Response, Grindling cites a single case—that is, *Betschart v. Oregon*, 103 F.4th 607 (9th Cir. 2024)—to argue that this habeas action is appropriate. ECF No. 15 at PageID.43. In *Betschart*, the Ninth Circuit decided that abstention pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), did not apply to a group of state pretrial detainees' claims that their Sixth Amendment rights had been violated because they were denied counsel.

The Court's conclusion in *Betschart*, however, does not help Grindling. Unlike the petitioners in *Betschart*, who were all state pretrial detainees, Grindling is a *federal* pretrial detainee. Thus, *Younger* abstention—which applies to federal actions that would interfere with ongoing *state* proceedings—and the applicability of any exception to that doctrine have no bearing on Grindling's case.

Here, Grindling challenges the adequacy of his counsel in his ongoing federal criminal case, particularly in connection with his pretrial detention. As already noted, the Bail Reform Act, not 28 U.S.C. § 2241, provides the remedial structure for any claims related to Grindling's pretrial detention. *See Oster v. United States*, 763 F. Supp. 3d 935, 941 (C.D. Cal. 2025) ("It is hard to imagine when a federal detainee would need an equitable collateral remedy to secure release given the statutory scheme that Congress comprehensively enacted with the Bail Reform Act."), *aff'd*, No. 25-1028, 2025 WL 1783702 (9th Cir. May 23, 2025). In addition, Grindling's arguments regarding the adequacy of counsel in his ongoing criminal case must be raised in that matter, not in a habeas petition. *See Green v. Hash*, No. CV 24-75-M-DWM, 2024 WL 2777301, at *1 (D. Mont. May 30, 2024) ("[A]ny dissatisfaction with [habeas petitioner's] legal counsel must be raised in [his criminal case]. A petition for habeas corpus is not a method for interlocutory appeal in his criminal case.").

### III. CONCLUSION

(1) The Petition, ECF No. 1, is DISMISSED.  Because the Court finds that amending the Petition would be futile, this dismissal is without leave to amend. *See Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021).

(2) The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED: March 10, 2026, at Honolulu, Hawaiʻi.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**CHRIS GRINDLING VS. WARDEN DOSANJ**; CV 26-00050 LEK-KJM; **DISMISSAL ORDER**